UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JAMES ALVIN WILLIAMS,

    Plaintiff,

vs.                                     Case No. 3:08-cv-425-J-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.
_____


## OPINION AND ORDER[2]

### I. Status

James Alvin Williams is appealing the Social Security Administration's denial of his claims for Disability Insurance Benefits and Supplemental Security Income. His alleged inability to work is related, at least in part, to pain, fatigue, depression, and mood swings. *See* Transcript of Administrative Proceedings (Tr.) at 102. Mr. Williams was ultimately found not disabled by Administrative Law Judge (ALJ) William H. Greer on October 3, 2007.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #15).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

*Id.* at 13, 22. Claimant has exhausted the available administrative remedies and the case is properly before the Court.

On appeal, Plaintiff argues the ALJ "erred in failing to accord significant weight to the opinion of [his] treating medical providers." Plaintiff's Memorandum of Law in Opposition to the Commissioner's Denial of Benefits (Doc. #19; Memorandum) at 7 (capitalization and emphasis omitted). Additionally, Mr. Williams claims his pain testimony was not accorded proper weight, *id.* at 9-10, and that the judge erroneously "relied upon the opinion of a non-examining, non-treating consultant[.]" *Id.* at 11; *see also id.* at 10.

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

#### A. Treating Physician

Claimant believes the ALJ erred with respect to his analysis of evidence from two treating physicians, Dr. Badri N. Mehrotra and Dr. Matthew Modansky.

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

Further, the weight afforded a treating doctor's opinion must be specified along with "any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41. ALJs, however, may not simply substitute their own judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

"Had the [ALJ] followed the guidance contained in the regulations," Claimant alleges, "he could not have given no weight to Dr. Meh[r]otra and Dr. Modansky's medical opinions that: 1) [he] is disabled; and, 2) that [he] is unable to perform work of any kind at this time." Memorandum at 8 (internal quotation marks and citation to record omitted). On both April 28, 2006, and April 23, 2007, Dr. Mehrotra wrote that "Mr. Williams has been unable to work since December 2004." Tr. at 219, 339. Earlier, in April 2005,

*see id.* at 248, the physician had answered in the affirmative to a question whether his "patient [was] totally disabled from any gainful employment[.]" *Id.* at 247. Dr. Modansky, on March 20, 2006, rendered the more limited opinion that Plaintiff was, at that time, "unable to perform work of any kind[.]" *Id.* at 260. The ALJ considered but afforded no weight to any of these opinions. *Id.* at 20.

A conclusion as to whether an individual is disabled or has the ability to work is essentially legal rather than medical. It "is not the type of 'medical opinion' to which the Commissioner gives controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (per curiam) (Determinations about disability or ability to work "are legal conclusions[,]" not medical opinions.); *Zulinski v. Astrue*, 538 F. Supp. 2d 740, 751-52 (D. Del. 2008) (doctor's statement as to inability "to sustain full time, everyday work on a regular basis" disregardable as not medical opinion (internal quotation marks omitted)); *cf. Russell v. Astrue*, Civil No. 07-4202 (RHK/RLE), 2009 WL 169307, at *17 (D. Minn. Jan. 26, 2009) ("[T]he opinions of treating physicians, on questions reserved for the Commissioner—such as whether a claimant is disabled, or is unable to work—are not to be given any weight by the ALJ."). As "a physician is not qualified to make" judgments as to disability or ability to work as defined by law, *Norfleet v. Sullivan*, CIV. A.

No. 89-5978, 1990 WL 29675, at *4 (E.D. Pa. Mar. 14, 1990); *see also Townsend v. Apfel*, 47 F. Supp. 2d 958, 964 (N.D. Ill. 1999), an ALJ would be unjustified in according special significance thereto. Thus, to the extent Plaintiff suggests otherwise, the argument is rejected.

Claimant also notes Dr. Mehrotra's opinion that he "was unable to sit more than three hours in an eight hour day; stand a total of one hour; had a poor ability to push/pull; and was suspected of suffering from dyslexia." Memorandum at 9 (internal quotation marks and citation to record omitted). He then succinctly argues "the [ALJ] has not pointed to any part of the record which would constitute good cause" for rejecting it. *Id.*

The functional determinations from Dr. Mehrotra at issue, which are embodied in a Medical Assessment of Ability to do Work-Related Activities (Physical) form, *see* Tr. at 278-79, were given no weight by the judge as they "suggest[ the] claimant [has] greater limitations [than] those documented in the record." *Id.* at 20. The form was deemed to lack "the support of contemporaneous reports and contradict[] the body [of] evidence as [a] whole." *Id.* Additionally, though in the context of rejecting the doctor's opinion concerning disability, the judge explained "Dr. Mehrotra described the claimant's complaints as vague such that on October 6, 2005, he stated [he had] no solution for the claimant and recommended a second opinion. The claimant also acknowledged doing

well and findings were essentially benign." *Id.* (citation to record omitted). The ALJ concluded Mr. Williams actually retains "the ability to sit 8 hours in an 8-hour day, stand or walk 6 hours in an 8-hour day," and perform light work with no specific restriction on pushing or pulling. *Id.* at 18 (emphasis omitted).

Whereas some of the judge's statements are excessively generic, he correctly observes that in October 2005 Dr. Mehrotra, along with reporting normal examination findings, stated "I really have no solutio[n] for this gentleman. I have asked him to have a second opinion[.]" *Id.* at 237. Indeed, despite a rather consistent diagnosis of diabetes, *see e.g., id.* at 220-23, 227, 239, 243-44, 329, a lack of abnormal physical findings predominates in the notes from this physician. *See, e.g., id.* at 220, 227, 243-44, 249, 332. Upon consideration, the judge will not be faulted for discounting the assessment.

**B. Pain**

It is contended the ALJ "did not point to any specific medical records which supported his conclusion that Williams' subjective complaints about the intensity, persistence and limiting effects [of his symptoms] were not credible." Memorandum at 10 (emphasis omitted). Further, Plaintiff claims the judge "violated the provisions of Social Security Ruling [(SSR)] 97-7p" when he "did not weigh [the] subjective complaints . . . against [the] medically determinable impairments[.]" *Id.*

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

In rejecting the alleged extent of Plaintiff's symptoms, the ALJ stated, in part:

> The record outlines the[] claimant continued to engage in activity clearly contradictory to disability. Laboratory results confirm ongoing cocaine use and the claimant equally acknowledged alcohol use and smoking upwards of a pack of cigarettes a day. Additionally, despite

> repeated denials to Dr. Haley of substance use, the claimant tested positive for benzodiazepines, cocaine and opiates. Contrary to testimony, there is no substantive evidence of sustained remission and the record equally demonstrates this substance abuse has directly impacted his physical and mental health. The evidence also shows that the claimant has not been candid with [the] treating doctor or this judge concerning his drug use.

Tr. at 20 (citations to record omitted). The judge went on to discuss other aspects of the medical evidence relevant to the credibility of Plaintiff's complaints, such as Dr. Mehrotra's October 2005 report mentioned in part III. A. of this opinion. *See* Tr. at 20. Thus, contrary to Mr. Williams's suggestion, *see* Memorandum at 10, the ALJ did reference medical records in support of his conclusion pertaining to subjective complaints.

Regarding the assertion SSR 97-7p was violated, *see* Memorandum at 10, the Court assumes Plaintiff actually means to refer to SSR 96-7p. The latter ruling provides that, "[i]f an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." Here, the judge provided a fairly extensive summary of the hearing testimony. *See* Tr. at 19-20. As outlined above, he then proceeded to articulate "specific reasons for the finding on credibility[.]" SSR 96-7p. He did not merely base his finding "on an intangible or

intuitive notion" or "make a conclusory statement[.]" *Id.*[4] The judge appears to have discredited Mr. Williams's statements in large part due to inconsistent statements and lack of veracity "concerning his drug use." Tr. at 20.[5] This was a valid basis for discounting credibility. *See, e.g.,* SSR 96-7p ("One strong indication of the credibility of an individual's statements is their consistency[.]"); *Bolton v. Barnhart*, 117 F. App'x 80, 85 (10th Cir. 2004); *Bevans v. Barnhart*, 60 F. App'x 167, 169-70 (9th Cir. 2003); *Morris v. Astrue*, No. 1:06-cv-193-RLY-TAB, 2007 WL 1068430, at *6 (S.D. Ind. Mar. 20, 2007).

In light of the foregoing, Plaintiff's blanket contention alleging a social security ruling was violated is insufficient to reveal the necessity of a remand in this case.

---

[4] The judge also assessed the impact of particular impairments, albeit in the portions of the Decision ostensibly devoted to steps two and three of the sequential evaluation process. *See* Tr. at 15-18. For instance, as part of his step two analysis, the judge determined Claimant's "history of gast[r]oesophageal reflux disease, diabetes, hypertension, hyperlipedemia, history of pancreatitis, and colonic diverticulitis" resulted in "no significant complications or residuals . . . as well as no more than minimal functional limitations." *Id.* at 16. Whereas, at the May 9, 2007, hearing, "[t]he claimant testified . . . the diabetes makes him dizzy and weak[, and that h]e stays in bed two to three days[,]" *id.* at 19; *cf. id.* at 359-60, 367, the judge highlighted evidence from January 26 through March 26, 2007, that revealed Plaintiff was doing well with no complaints and had excellent blood sugar levels. *Id.* at 16; *cf. id.* at 333-34, 336

[5] Plaintiff does not challenge the finding that he was untruthful with both the judge and a treating physician. A review of the evidence cited by the ALJ shows that in March 2005, Dr. Paul Haley reported Claimant stated "on numerous occasions that he is not using any alcohol or drugs" and yet "[d]rug screen test[ing] after the exam [was] positive for benzodiazepines [and] cocaine[.]" *Id.* at 302. In May 2005, Mr. Williams admitted to smoking "a pack of cigarettes a day for the past 5 years. Estimated alcohol intake is 'daily beer and liquor.' He also uses cocaine at times." *Id.* at 118. At the hearing, he acknowledged having lied to doctors about his drug usage. *See id.* at 374.

## C. Nonexamining Consultants

Mr. Williams takes issue with the judge's utilization of the opinions of nonexaminers in rejecting his own allegations and finding him "capable of performing light work." Memorandum at 11; *see also id.* at 10. He intimates the Commissioner must rely upon "the residual functional capacity [(RFC)] assessment of a treating or examining physician." *Id.* at 11 (internal quotation marks omitted).[6]

"The opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." *Hoffman v. Astrue*, 259 F. App'x 213, 217 (11th Cir. 2007) (per curiam) (alteration in original; internal quotation marks omitted). Thus, an ALJ errs when his or her opinion is "dependent *solely* on the report of [a nonexamining] consultant[.]" *Rosenburg v. Comm'r of Soc. Sec.*, No. 6:07-cv-1510-Orl-19DAB, 2008 WL 4186988, at *12 (M.D. Fla. Sept. 8, 2008). However, as in *Rosenburg*, here the judge did not rely exclusively on the opinions of nonexaminers. As already discussed, both Claimant's credibility and Dr. Mehrotra's opinions as to functional

---

[6] It is observed Claimant does not argue the record should have been further developed, but rather complains "there was a physical capacities evaluation upon which the [ALJ] could have relied in the instant matter, [yet he] chose to accord it no weight and to ignore it." *Id.*

limitations were rejected primarily on the basis of other considerations.

In relation to the alleged requirement that an ALJ rely on an RFC assessment from a treating or examining source, Claimant cites *Coleman v. Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. May 9, 2003). Yet, it is not clear such a rule has garnered much acceptance in the Eleventh Circuit outside the Southern District of Alabama. In fact, a recent Middle District of Florida opinion declares "that the law judge, as the factfinder, does not need an opinion from a treating or examining doctor concerning a claimant's functional limitation[s] in order to make a finding regarding a claimant's" RFC. *Harris v. Astrue*, No. 8:07-CV-868-T-TGW, 2008 WL 4145965, at *5 (M.D. Fla. Sept. 8, 2008); *see also, e.g., Swann v. Astrue*, No. 3:07cv129/LAC/EMT, 2008 WL 818500, at *12 (N.D. Fla. Mar. 26, 2008). Upon consideration, this Court declines Plaintiff's invitation to adopt the bright-line mandate seemingly described in *Coleman*.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C.

§ 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of February, 2009.

                                          /s/        Howard T. Snyder
                                        HOWARD T. SNYDER
                                        UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any